**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4161**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SERGIO GARZA, a/k/a Anatolio Balderas-Sanchez,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:14-cr-00076-BR-1)

Submitted:  January 19, 2016            Decided:  March 8, 2016

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Eleanor Morales, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sergio Garza pleaded guilty to illegally reentering the United States after having been removed following a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). The district court sentenced Garza within the advisory Guidelines range to 27 months of imprisonment and he now appeals. For the reasons that follow, we affirm the judgment.

On appeal, Garza challenges the procedural reasonableness of the sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. In conducting an individualized assessment at sentencing, a district court must respond to the parties' nonfrivolous arguments for imposing a sentence outside of the Guidelines range. See United States v. Carter, 564 F.3d 325, 328, 330 (4th Cir. 2009).

2

We then "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51). We will presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

Garza argues that the district court erroneously determined that it could not depart or vary from the Guidelines range based on the unavailability of a fast track, or early disposition, program. Such programs provide for a departure in illegal reentry cases if the defendant admitted guilt in a timely manner and the government, having determined that such a departure is warranted, moves for a departure. See U.S. Sentencing Guidelines Manual § 5K3.1 (2015). Here, the court erred in determining that an early disposition program was not available in the district of the prosecution. However, that error was harmless as the Government did not move for a departure pursuant to § 5K3.1 of the Guidelines. Without such a motion, the court could not have departed under that section. Therefore, we conclude that the sentence is procedurally reasonable; we further conclude that the sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED